RANSOM and others *vs.* VAN DEVENTER and others.

A division by partners, of the copartnership assets between themselves, and the transfer of such assets by the individual partners in payment of their private debts, when the partnership is insolvent, is in point of law a fraud upon the creditors of the partnership.

Such a transfer of the partnership effects is invalid, as against the creditors of the firm, and the property remains partnership property until it comes to the hands of a *bona fide* purchaser for a valuable and new consideration.

If the person to whom the property is transferred has notice that it is partnership property, and he takes it in payment of a precedent debt, he will not be deemed a *bona fide* purchaser.

THIS action was in the nature of a creditor's bill brought by the plaintiffs as judgment creditors of William Van Deventer and Thomas Smithyman, composing the firm of

Van Deventer & Co., to obtain satisfaction of a judgment in their favor, out of a note for $1000 given to said firm by A. F. Whitaker, and transferred by William Van Deventer, with the consent of Smithyman, to the appellants, in payment of a debt due and owing by said William to them. William Van Deventer and Smithyman, from December, 1859, to August, 1861, carried on the foundry business, as partners, in the village of Penn Yan, under the firm and name of Van Deventer & Co. On the 3d or 4th of August, 1861, the firm of Van Deventer & Co. sold their real estate and stock in trade to A. F. Whitaker, and for a part of the purchase money, Whitaker executed and delivered to the said firm his three promissory notes: two for $1000 each, and one for $700. At the time of the sale to Whitaker, and before the notes were given, it was agreed by and between William Van Deventer and Smithyman, that said William should have one of the notes to be given by Whitaker for $1000, to be charged to him on the books of the firm, for the purpose of equalizing their individual accounts; Smithyman's account amounting to $6800, and William Van Deventer's to $2630. On the 8th of August, 1861, on the notes being executed and delivered by Whitaker, the note in question was taken by William Van Deventer, and charged to himself on the books of the firm, with the consent of Smithyman. On the same day the note in question was transferred by said William to the appellants, in payment and satisfaction of several notes which they held against him, and the notes held by them given up and destroyed. The firm of Van Deventer & Co., as it turned out, was insolvent at the time. At the time the appellants received the note in question, and surrendered up their notes, they did not know, and had no notice whatever that the firm was insolvent or in failing circumstances. On the 25th of October, 1861, the plaintiffs recovered a judgment for $334.63 against William Van Deventer and Smithyman, for a debt of the firm; upon which execution was duly issued and returned on the 11th of November, 1861, unsatisfied. This

action was commenced by the plaintiffs, on the 16th of November, 1861, for the purpose of obtaining satisfaction of their judgment, out of the note in question, which had been turned out to the appellants, in payment and satisfaction of the debt due and owing to them by William Van Deventer. The action was tried at a special term held in Yates county, on the 13th of February, 1862. The court, after hearing the proofs and allegations of the parties, held and decreed that the transfer of the note to the defendants was fraudulent and void, as against the creditors of the firm of Van Deventer & Co., and especially as against the plaintiffs in said action, and directed that judgment be entered, appointing a receiver, and that the defendants deliver the note over to such receiver; upon which decision judgment was accordingly entered on the 14th of August, 1862. To this decision and judgment the defendants excepted and made a case containing said exceptions, and appealed to the general term.

*D. B. Prosser,* for the appellants. The court erred in deciding that the sale and transfer of the note by William Van Deventer, to the appellants, was fraudulent and void, as against the creditors of the firm of Van Deventer & Co., and in giving judgment that the appellants surrender it up to the receiver, &c.; Because, (1st.) The appellants were bona fide purchasers of the note for value, without notice of the insolvency of the firm. The surrendering up of the notes which they held against William Van Deventer, to be canceled, was parting with value, so as to constitute them *bona fide purchasers,* within the strict commercial sense of the *term bona fide purchaser.* (*New York Marbled Iron Works* v. *Smith,* 4 *Duer,* 363. *Young* v. *Lee,* 2 *Kern.* 551. *White* v. *Springfield Bank,* 3 *Sand.* 222. *Small* v. *Smith,* 1 *Denio,* 583. *Bank of St. Albans* v. *Gilliland,* 23 *Wend.* 311.) (2.) The creditors of the firm had no lien upon the partnership property. While it remained legally under the control of the parties they had a right to sell and dispose of it as they thought proper.

It would have been competent and legal for them to have divided the whole property among themselves; and in such case an execution against an individual member might have taken the property as individual property. (*Ketchum* v. *Durkee,* 1 *Barb. Ch.* 480. *Kirby* v. *Schoonmaker,* 3 *id.* 46.) The partners, as such, have a lien upon the partnership property, and may file a bill against the copartners for an account, and marshaling of the assets. *But the creditors at large have no such lien.* Before they can have such lien, they must have judgment and execution. (*Greenwood* v. *Brodhead,* 8 *Barb.* 593. *Crippen* v. *Hudson,* 3 *Kern.* 161.) (3.) The rule in equity, that partnership property must in the first instance be applied to the payment of partnership debts, *only applies where the partnership property or fund is in court.* (*Ex parte Ruffin,* 6 *Ves.* 119. *Ex parte Williams,* 11 *id.* 4.) The lien, in case of partnership, being a lien of the *partners, and not the lien of the creditors. That equity being the equity of the partners,* it is fully competent for the partners to waive such lien. In the case now before the court, the lien was clearly waived by Smithyman, he consenting that the defendants should take the note in payment of their demands against his copartner. Smithyman, by his consent, lost all lien and control over the note in question. The defendants' title, as against him, was perfect the moment they obtained possession. The partners having no equity, the creditors have none. (3 *Kent's Com.* 65, 7th ed. 78. *Rice* v. *Barnard,* 20 *Verm. Rep.* 479. *Rees* v. *Bradford,* 13 *Ala. Rep.* 837. *Sage* v. *Chollar,* 21 *Barb.* 598.) (4th.) The title to the note in question having absolutely vested in the appellants, without any fraud on their part, long before the plaintiffs obtained their judgment, there was not any right to or interest in the note remaining in the partners, or either of them, upon which their judgment could attach. The defendants, by receiving the note in question in payment of the notes held by them against William Van Deventer, acquired the same right thereto as they would to the money, if the note

had been sold by him, and the money paid them in satisfaction of their demands.

*S. H. Welles,* for the respondents.   The judgment is correct and should not be disturbed.   At the time Van Deventer & Co. sold out to A. F. Whitaker, the firm was insolvent to between $4000 and $5000; and from the time of such sale the firm has not done any business as a firm.   It is well settled that a partnership cannot make an assignment preferring the debts of the individual members of the firm.   Such an assignment has been held to be void, and a fraud upon the firm creditors.   (*Wilson* v. *Robertson,* 21 *N. Y. Rep.* 587.) It will be claimed, or was in the court below, that the case just cited differs from the one at bar, in that in the present case there is no assignment, and that while the firm are engaged in business either member has a right to use the partnership effects in any way he chooses.   This may perhaps be true while the firm is perfectly solvent, and the claims of creditors not prejudiced.   The facts in this case show, that at the time of the transfer of the note in question the firm of Van Deventer & Co. was insolvent to over $4000, and had in fact sold out and thereby, by operation of law, was dissolved. The sale to Whitaker was made on the 3d or 4th day of August, and the transfer of the note in question was about the 8th of August.   It could not have been previous to the 8th, because the note was not executed until that day. Where a firm is insolvent, any appropriation of any part of the firm funds to pay a debt of an individual member is absolutely void as against creditors of the firm, and the property may be reached in the hands of the person to whom it is thus transferred.   The funds of a copartnership belong to the firm to the extent of its liabilities, and in case of insolvency the primary distribution of the property should be made to the joint creditors, in preference to the creditors of the partners individually.   Members of an insolvent partnership cannot by mutual consent divide the partnership funds between

themselves, so as to enable each member to apply the part allotted to him in payment of his separate debts, leaving the firm debts unsatisfied.    In *Burtus* v. *Tisdall,* (4 *Barb.* 571,) on page 588, the following language is used by the court: "It was contended on the argument, that copartners have a right to appropriate, by mutual consent, their joint property to the payment of debts owing by them individually, leaving those of the partnership unsatisfied.   This may be true where the firm is solvent and sufficient is left to satisfy the joint debts. * * * But the rule in England in cases of bankruptcy is uniform, that the primary distribution must be made to the joint creditors.   I cannot see why the same practice should not prevail in this state in cases of insolvency.   It would be manifestly just, and in accordance with well settled principles.   The funds of the partnership belong to the firm to the extent of its liabilities. * * * It is clearly settled that the joint creditors have then the first equitable claim upon the whole for the satisfaction of their debts."   Joint creditors of a partnership in case of insolvency, are deemed in equity to have a right of priority of payment before the private creditors of any separate partner.   (*Story's Equity Juris:* § 1253.   *Buchan* v. *Sumner,* 2 *Barb. Ch. R.* 165. *Kirby* v. *Schoonmaker,* 3 *id.* 46.)   Whether Van Deventer & Co. knew that they were insolvent at the time or not is of no consequence.   The question is, were they insolvent? This William Van Deventer expressly swears to.   Even if knowledge of insolvency on the part of Van Deventer & Co. was necessary, the evidence fully shows that they must have known it.   Van Deventer swears as follows: "That" (the note in question) "was one of the notes we took from Whitaker on the sale of the property of Van Deventer and Company; it was the closing up of the sale; on that day the sheriff had executions against the firm for $1200 or $1500."   Again: "He," (that is Stephen W. Van Deventer, one of the defendants here,) "was on our paper for $3000 or $3400, and firm owed him from $3200 to $3500."   Van Deventer

Ransom *v.* Van Deventer.

knowing these facts, and selling out under the circumstances, must have known that the firm was insolvent.

*By the Court,* E. DARWIN SMITH, J. The judgment in this case was obviously based upon the principle that the joint creditors of a copartnership are entitled to priority of payment from its assets, before the private creditors of any of the separate partners. This is the settled rule in bankruptcy and in equity, where courts of equity have acquired control of the assets of a copartnership. Chancellor Walworth states the rule with much carefulness and precision in *Kirby* v. *Schoonmaker*, (3 *Barb. Ch. R.* 49,) as follows: "Where a partnership is dissolved by the death of one of the copartners, or where one or both of the copartners become bankrupt, or they are discharged under the insolvent acts, so that their property is placed in the hands of the assignees appointed by law to make distribution thereof, it is administered in courts of equity by applying the copartnership funds in the first place to the payment of the debts of the firm, and the individual funds of the several copartners to pay their individual debts respectively, before paying joint debts out of the same." But when the copartners are administering their own funds the copartnership creditors have no lien upon the private funds, nor have the individual creditors any lien or priority of claim upon the separate funds of the debtors. The rule is sometimes stated as though the right of the copartnership creditors was in the nature of a lien, and attached as such to the partnership assets. But this clearly cannot be maintained. Partnership creditors at large have clearly no more lien upon partnership property than private creditors have in respect to the separate property of the individual partners. This can scarcely be pretended while the property of copartners is in their own posession, before the insolvency of the firm. But every partner has a lien upon the partnership property for the payment of the partnership debts, and for the payment of any balance

that may be due him after the payment of such debts.  It is in respect to this lien, and for the purpose of an accounting between the partners and the adjustment of their affairs, that courts of equity have jurisdiction over cases of partnership ; and it is through this lien that the creditors of the copartnership can maintain suits in equity to enforce the right to have the partnership property first applied to the discharge of partnership debts ; but independently of this lien of the copartners *inter se,* no suit in equity could be maintained by the creditors of the copartnership to reach and distribute the copartnership effects upon equitable principles.  But this is not such a suit.  The plaintiffs are judgment creditors of the defendants Van Deventer and Smithyman, with an execution returned unsatisfied, and this action is a creditor's bill to reach the note in question as the property of the copartnership.  It is not a suit to enforce any partnership lien, at the instance or with the concurrence of one of the partners ; nor is it an action for the benefit of the copartnership creditors, to reach copartnership assets for distribution amongst the copartnership creditors.  The question in regard to the promissory note in question in this action is therefore purely one of *title.*  The plaintiffs by force of the commencement of the suit and the *lis pendens* thereby created, claim to reach the said promissory note as among the equitable assets of the firm of Van Deventer & Co., and to have acquired an equitable lien thereupon.  And they have clearly acquired such lien, if the note at the time of the commencement of such suit was legally or equitably the property of the firm of Van Deventer & Co.  From the facts found by the learned judge who tried the cause, it appears that the note was given upon the sale of the partnership property of Van Deventer & Co.  That William Van Deventer, one of the firm, was owing on the 8th of August, 1861, to the defendants Jacob and Stephen Van Deventer the sum of $10,000, for which they held his note, being an individual indebtedness from him to them.  That on that day William Van Deventer with

the consent of Smithyman his partner, took and charged to himself on the books of the firm the note in question, made by A. F. Whitaker for $1000. That on the same day William Van Deventer turned out said note to the defendants Jacob and Stephen Vandeventer in payment of the debt owing by him to them, and that upon the receipt of the said note for $1000, Jacob and Stephen surrendered up to the said William the note so held by them against him, which said note was canceled and discharged. That at the time of such transfer of the note Stephen and Jacob Van Deventer had no notice that the firm of Van Deventer & Co. was insolvent, or in failing circumstances; and further, that the note was taken by William and charged to himself on the books of the firm, for the purpose of equalizing their individual account between themselves; Smithyman having drawn out of the firm $6800 and William $2630, and that Smithyman put into said firm $2600, and William Van Deventer had put in $2200. It further appears that the firm was at the time in fact insolvent, in the sum of from $4000 to $5000. Upon these facts, the delivery to the defendants Stephen and Jacob Vandeventer of the note in question clearly transferred to them a perfectly valid title to the note, unless the plaintiffs are entitled to impeach such title on the ground of fraud. It is not pretended, or is not found by the judge who tried the cause, that the transaction relating to the transfer of the note in question to the defendants presents a case of fraud in fact. In the case of *Burtus* v. *Tisdall*, (4 *Barb*. 580,) which was a case like this where the partners sold out their assets for promissory notes and divided the notes between them, the decision of the court was put and can, I think, be sustained on the ground of fraud in fact. In that case the debt of the private creditor was impeached, and the case was put upon the ground that it was in fact fictitious, or paid and extinguished before the receipt of the notes turned out to him by one of the partners. No doubt

could exist in this case, if the debt of William Van Deventer
to Stephen and Jacob were fictitious, or previously satisfied,
that the transfer of the $1000 note to pay such debt would
be a fraud, and the note in that case would remain partner-
ship property. The division by solvent partners of their as-
sets would be entirely valid, and the transfer by one partner
of partnership assets thus acquired to pay his personal debts
would also be entirely valid. The question therefore is, and
this case turns upon the point, whether the division by part-
ners of the assets between themselves and the transfer of such
assets by the individual partners in payment of their private
debts, when the partnership is insolvent, is or is not in point
of law a fraud upon the partnership creditors. I think it is
such a fraud, and that such transfer is invalid as against the
partnership creditors; and that the property remains part-
nership property in such cases, till it comes to the hands of
a bona fide purchaser for a valuable and new consideration.
In the case of *Burtus* v. *Tisdall*, (*supra*,) Judge S. B. Strong
so asserted the rule. He says insolvent partners should be
considered as holding their joint property for the benefit of
their joint creditors, and a misappropriation should be deemed
in fraud of the implied trust. In the case of *Wilson* v. *Rob-
ertson*, (21 *N. Y. Rep.* 587,) the court of appeals expressly
held, that the appropriation by an insolvent firm of partner-
ship property to the payment of the individual debts of one
partner is not simply void, but is fraudulent, and avoids the
deed of assignment. This was the case of an assignment in
trust for the benefit of creditors. The principle thus asserted
covers this case. Judge Wright, in giving the opinion of the
court, says: "An appropriation of the firm property to pay
the individual debt of one of the partners is in effect a gift
from the firm to the partner—a reservation for the benefit
of such partner or his creditors, to the direct injury of the
firm creditors." In *Kirby* v. *Schoonmaker*, (3 *Barb. Ch.
Rep.* 51,) Chancellor Walworth says also: "For an insolvent

copartner who was unable to pay the debts which the firm owed would be guilty of a *fraud* upon the joint creditors, if he authorized his share of the property of the firm to be applied to the payment of a debt for which neither he nor his property was liable, in law or in equity." This would be readily admitted, if the question were unmixed with the question of a partnership consisting of two or more partners. No one would pretend that a single debtor who was insolvent could give away his property in defiance of the rights of his creditors, and to their prejudice. This has been held a fraud as long as there has been any common law. And what is a partnership but a single person in law, having, as such, debts and credits and rights as a single person? The assignment, or transfer without assignment, of the property of an insolvent partnership, is precisely the same violation of the rights of creditors that it would be if it were in fact a single person, and the gift to one of the partners or to his creditors or for his benefit does not vary or affect the principle. It is the giving away in either case of the property of an insolvent debtor at the expense of, and in fraud of the rights of his creditors. We must therefore consider the transfer of the note in question to the defendants as a fraud upon the creditors of the copartnership of Van Deventer & Co., and that the defendants Jacob and Stephen Van Deventer acquired no title thereto as against the creditors of the copartnership, unless they possess the character and are entitled to the protection of bona fide purchasers. Clearly the defendants are not bona fide purchasers or holders of this note. They knew it was given for partnership property, and belonged to the firm. One of the defendants, Stephen Van Deventer, testified that he "heard Smithyman tell his brother that he might take the note and do as he pleased with it. William said he wanted to pay him and his father, and he said he might do so." This was distinct notice that this note belonged to the copartnership. With such notice the defendants could not be *bona fide* holders of the note; and besides, they gave no

new consideration for it, but simply gave up therefor the notes of William Van Deventer long previously over due. The judgment should be affirmed with costs.

[MONROE GENERAL TERM, September 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]