ADOLPH BERNHEIMER et al., Appellants, *v.* SIMON RINDSKOPF, et al., Respondents.

In an action by a firm creditor to set aside an assignment made by the firm for the benefit of creditors on the ground of fraudulent preferences, it appeared that a note, indorsed in the name of the firm, which was one of the preferred debts, was so indorsed by B., a member of the firm, and used to take up a note indorsed by himself, for the accommodation of the maker, which the holder had refused to renew unless the renewal note was indorsed by the firm. *Held*, that the burden of proof was upon plaintiff to show that the indorsement was without the consent of the firm; that in the absence of any such proof the acknowledgment of the debt in the assignment and the presumption of the validity of that instrument required the court to assume consent; also, that the surrender of the old note and the extension of time of payment furnished a good consideration; and so that, in the absence of proof of fraud as matter of fact, the indorsement was valid and binding.

The difference in the rule applicable to such an action and to one brought against the firm upon the indorsement, pointed out.

It appeared that at the time of the indorsement the firm was insolvent, but did not contemplate an assignment, hoping to pay their debts in full. The fact of insolvency was not known to the holder of the note. *Held*, that this fact did not, as matter of law, make the indorsement fraudulent as against the firm creditors.

*Menagh* v. *Whitwell* (52 N. Y. 146) distinguished.

A partnership is not prohibited from entering into obligations outside of the scope of the partnership business, provided it is done with an honest purpose and with the consent of all the copartners; and partnership property may be transferred to pay an indebtedness so incurred, even if the firm was insolvent at the time it entered into the contract; if there

was a good consideration to support it, a firm-creditor having no lien upon its property has no legal ground for complaint if firm property is appropriated to pay such obligation.

In the description of the note in the assignment it was stated that it was " indorsed by said assignors and discounted and held by " N., the preferred creditor. *Held*, that there was no fraudulent misstatement of the nature of the obligation.

(Argued October 8, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 25, 1886, which affirmed a judgment in favor of plaintiffs, entered upon the decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently set forth in the opinion.

*A. Blumenstiel* for appellants. The firm of Rindskopf Bros. & Co. were in no manner liable for the note, either contingently or otherwise, unless it be shown that the firm authorized the indorsement, and to establish such authority the burden was upon the defendants. (*Atlantic State Bank* v. *Savery*, 82 N. Y. 201; *Union Nat. Bank* v. *Underhill*, 21 Hun, 178; 102 N. Y. 336, 340; *Greene* v. *Deakin*, 2 Shook, 381; *Wilson* v. *Williams*, 14 Wend. 146, 157; *Stall* v. *Catskill Bk.*, 18 Wend. 466; *Spaulding* v. *Kelly*, 43 Hun, 301; *Boyd* v. *Plumb*, 7 Wend. 309; *Joyce* v. *William*, 14 id. 141; *Calkins* v. *Smith*, 48 N. Y. 614; *Foote* v. *Sabin*, 19 Johns. 154, 155; *Dobb* v. *Halsey*, 16 id. 38; *Taylor* v. *Hillyer*, 26 Am. Dec. 430, 433; *Poindexter* v. *Waddy*, 8 id. 749; *Manufacturers' Bk.* v. *Winship*, 16 id. 371; 5 Pick. 11; *N. Y. F. Ins. Co.* v. *Bennett*, 13 Am. Dec. 109; 5 Conn. 574; *Arden* v. *Sharp*, 2 Esp. 524; *Wells* v. *Masterman*, Id. 731; *Sheriff* v. *Wilkes*, 1 East, 46; *Livingston* v. *Hastie*, 2 Caines, 246; *Laverty* v. *Burr*, 1 Wend. 529, 531; *Livingston* v. *Rosevelt*, 1 Am. Lead. Cas. 453; Parsons on Part. 216; *Henry* v. *Burkowitz*, 137 Cal. 113; *Rollins* v. *Stevens*, 31 Me. 454; *Sweetzer* v. *French*, 2 Cush. 311; *Williams* v. *Walbridge*, 3 Wend. 417; *Bank of Rochester* v.

*Bowee*, 7 id. 158; *Post* v. *Hanselt*, 8 J. & S. 467; *Lansing* v. *Gaine*, 3 Am. Dec. 422 ) The burden of proof is on the holder to show that the non-signing members of the firm authorized and sanctioned the act of the other partner. (*Foote* v. *Sabin*, 19 Johns. 155; *Laverty* v. *Burr*, 1 Wend. 529, 532; *Rollins* v. *Stevens*, 31 Me. 454; *Sweetzer* v. *French*, 2 Cush. 311; *Williams* v. *Walbridge*, 3 Wend. 415–417; *Boyd* v. *Plumb*, 7 id. 309, 310, 311; *Eastman* v. *Cooper*, 26 Am. Dec. 601, 609; *Shaw* v. *Cooper*, 100 Mass. 390; *Gray* v. *Ward*, 18 Ill. 34; *Andrews* v. *Planters' Bank*, 45 Am. Dec. 300; 7 S. & M. 192; *Felden* v. *Lehens*, 9 Bosw. 436.) The authority and consent must be explicit and express. It must be shown that the other members of the firm were previously consulted. (*Laverty* v. *Burr*, 1 Wend. 531; *Boyd* v. *Plumb*, 7 id. 309; *Dobbs* v. *Halsey*, 16 Johns. 38; *Livingston* v. *Hastie*, 3 Caines, 249; *Lansing* v. *Gaine*, 2 Johns. 300; *Livingston* v. *Roosevelt*, 4 id. 260; *Sweetzer* v. *French*, 48 Am. Dec. 667; Chitty on Bills, 46,47; *Mercein* v. *Andrews*, 10 Wend. 461, 463; *Kidder* v. *Page*, 48 N. H. 380; Parsons on Part. 203; *Foster* v. *Andrews*, 2 Penn. St. 160; *Jones* v. *Booth*, 10 Vt. 268; *McKenney* v. *Bright*, 16 Penn. St. 399; *Kenneys* v. *Richards*, 11 Barb. 312–314; *Elliott* v. *Dudley*, 19 id. 326, 328; *Hayes* v. *Baxter*, 65 id. 181, 184; *Calkins* v. *Smith*, 48 N. Y. 614.) The preference of the note in the assignment, in the unconditional form in which it is stated, is substantially preferring the debt of a third person. (*F. and M. Bk.* v. *B. and D. Bk.*, 16 N. Y. 25; *First Nat. Bk.* v. *Wood*, 45 Hun, 411; *Wilson* v. *Robinson*, 21 N. Y. 587; *Hurlburt* v. *Dean*, 2 Abb. Ct. App. Dec. 432; *Kelly* v. *Schoonmaker*, 3 Barb. Ch. 51; *Knauth* v. *Bassett*, 34 Barb. 2; *Heye* v. *Bolles*, 33 How. 267, 277; *Burtes* v. *Tindale*, 4 Barb. 571; *Wakeman* v. *Grover*, 11 Wend. 187; *Lester* v. *Abbott*, 28 How. 489; *Shibley* v. *Healy*, 61 id. 73; *Platt* v. *Hunter*, 11 Week. Dig. 300; *Nicholson* v. *Leavitt*, 6 N. Y. 510; *Frazier* v. *Truax*, 27 Hun, 587; *F. Nat. Bk.* v. *Burger*, 15 N. Y. S. R. 101; *Nat. Bk.* v. *Cohn*, 42 Hun, 381; *F. Nat. Bk.* v. *Halstead*, 20 Abb. N. C. 155.) Considering the debt as the debt of Thomp-

son & Co., for which neither Mr. Buchanan nor the firm were liable, there can be no question that the preference is invalid. As the debt of Raphael Buchman it amounts to a reservation of the firm property for his benefit, which would avoid the assessment. (*McClurg* v. *Lecky*, 23 Am. Dec. 69 ; *Beck* v. *Burdett*, 19 id. 439 ; *Pettiborn* v. *Stevens*, 38 id. 58, 59 ; *Hurd* v. *Selsby*, 34 id. 142 ; *Grover* v. *Ray*, 33 id. 568 ; *St. John* v. *Camp*, 17 Conn. 231 ; *Anderson* v. *Fuller*, 36 Am. Dec. 290.) Even if the preference might, as between the holder and the firm, be evidence of the liability of the latter, still it would be no such evidence as against creditors, assuming, as the fact is, that the firm was insolvent, not only when the assignment was made, but also when the note was indorsed. (*Menagh* v. *Whitwell*, 52 N. Y. 146.) The assets and effects of an insolvent firm are, in equity, a trust for the benefit of partnership creditors, and the partners hold such property as trustees. (*Burtes* v. *Tisdale*, 4 Barb. 571 ; *Wakeman* v. *Grover*, 4 Paige, 23 ; 11 Wend. 187 ; 3 Kent's Com. 64 ; *Hewitt* v. *Northrup*, 75 N. Y. 506, 509 ; *Paine* v. *Matthew*, 6 Paige, Ch. 19 ; *Rawson* v. *Deventer*, 31 Barb. 67.) Mr. Nathan is not a *bona fide* holder of the note. (21 Hun, 178, 182 ; *Codington* v. *Ray*, 20 Johns. 645 ; *Bank of Whitehall* v. *Tisdale*, 84 N. Y. 655 ; *Weaver* v. *Barton*, 49 id. 246 ; *Phœnix Ins. Co.* v. *Church*, 81 id. 218, 226 ; *Moore* v. *Ryder*, 65 id. 438, 441 ; *Stalker* v. *Macdonald*, 6 Hill, 93 ; *Potts* v. *Meyer*, 74 N. Y. 594 ; *Merchants' Nat. Bk.* v. *Comstock*, 55 id. 27 ; *Comstock* v. *Hier*, 73 id. 273 ; *Nicholson* v. *Ruger*, 76 id. 279 ; *Partridge* v. *Bartholomew*, 11 Week. Dig. 34 ; *Union Bk.* v. *Underhill*, 102 N. Y. 340, 341 ; *Herdic* v. *Roessler*, 109 id. 133 ; *Spalding* v. *Kelly*, 43 Hun, 301, 305.) Where money is loaned upon the promissory note of one member of a partnership, and upon his individual credit, the fact that the money was applied to the payment of the partnership debt does not constitute the lender a creditor of the firm. (*Bank of Salem* v. *Thomas*, 47 N. Y. 15 ; *Talmadge* v. *Pennoyer*, 35 Barb. 120 ; *Jacques* v. *Marquand*, 6 Cow. 497, 503 ; *Nat. Bk.* v. *Ingram*, 58 Barb. 290.) If the effect of the language

of the assignment, or the preference contained in it, is to direct the assignee to pay an obligation which does not exist, or to pay a debt twice over, it must be held void. (*In re Lewis*, 81 N. Y. 421; *Chapin* v. *Thompson*, 10 Daly, 72; *Nicholson* v. *Leavitt*, 6 N.Y. 513; *Jessup* v. *Hulse*, 21 id. 168; *In re Fink*, 10 Daly, 100; *De Camp* v. *Marshall*, 2 Abb. Pr. [N. S.] 374; *Jacobs* v. *Remsen*, 36 N. Y. 671; *Edgar* v. *Hart*, 19 id. 217.) The question of fraudulent intent is made out by the assignment itself. (*Wilson* v. *Robinson*, 21 N. Y. 587; *Knauth* v. *Bassett*, 24 Barb. 31; *Cunningham* v. *Freeborn*, 11 Wend. 252; *Hurlburt* v. *Dean*, 2 Abb. Ct. App. Dec. 428, 432; *Webb* v. *Daggett*, 2 Barb. 9; *Sturtevant* v. *Ballard*, 19 Johns. 336, 342; *Jackson* v. *Mather*, 7 Cow. 301, 304; *Pettibone* v. *Stevens*, 38 Am. Dec. 57; 15 Conn. 19; Burrill on Assignments, 515; *Cavanagh* v. *Beckwith*, 44 Barb. 92; *Wakeman* v. *Dally*, Id. 498, 503; 51 N. Y. 27; *Griffin* v. *Marquand*, 21 id. 121; *Forbes* v. *Waller*, 25 id. 430; *Ward* v. *Tingley*, 4 Sand. Ch. 476; *Brigham* v. *Tillinghast*, 15 Barb. 618; *Fielder* v. *Day*, 2 Sand. 594; *Babcock* v. *Eckler*, 24 N. Y. 632; *Bank* v. *Talcott*, 19 id. 146; *Coleman* v. *Burr*, 93 id. 31; *Nicholas* v. *McKuhn*, 17 id. 25.) The subsequent waiver of the preferences on the part of the alleged creditors who have been preferred has no bearing upon the question as to the validity of the assignment. (*Bell* v. *Holford*, 1 Duer, 62, 78; *Frazier* v. *Skinner*, 5 Barb. 559; *Barnum* v. *Hempstead*, 7 Paige, 568; *Grover* v. *Wakeman*, 11 Wend. 187; *Boardman* v. *Halliday*, 10 Paige, 223; *Sheldon* v. *Dodge*, 4 Denio, 217; *Strong* v. *Skinner*, 4 Barb. 546; *Avery* v. *Lauchs*, 6 id. 470.) It has been held that the intent of the assignor alone is material on the question of the validity of the assignment, and that the intent of the assignee is of no importance. (*Rathburn* v. *Platner*, 18 Barb. 272; *Wilson* v. *Forthworth*, 24 id. 105; *Griffin* v. *Marquand*, 3 E. D. Smith, 28; *Talcott* v. *Hess*, 31 Hun, 282; *Waverly Bk.* v. *Halsey*, 57 Barb. 249; Burrill on Assignments, 504; *In re Lewis*, 81 N. Y. 421, 424; *In re Ward*, 10 Daly, 66; *In re McCullen*, Id. 72; *In re Brown*, Id. 116; *Chapin* v.

*Thompson,* 89 N. Y. 270; *Murray* v. *Judson,* 9 id. 73; *Riegs* v. *Murray,* 2 Johns. Ch. 565; *Grover* v. *Wakeman,* 11 Wend. 187; *Boardman* v. *Halliday,* 10 Paige, 223.) The recitals in the general assignment are not proofs against plaintiffs, because that instrument was offered in evidence by them. (*Moore* v. *Met. Nat. Bk.,* 55 N. Y. 41, 50; *Pringle* v. *Leverich,* 97 id. 181; *Edwards* v. *S. C. Nat. Bk.,* 47 Hun, 467; *Davis* v. *Bechstein,* 69 N. Y. 440–442; *Stevens* v. *Brennan,* 79 id. 254; *Bank* v. *Talcott,* 22 Barb. 550.)

*Nathaniel Myers* for respondents.    Giving time to the principal debtor constitutes a valuable consideration for a promissory note made or indorsed by another party. (*Nat. Bk. of Gloversville* v. *Place,* 86 N. Y. 444.)    The presumption of innocence is never overcome by any other presumption, nor by anything except direct or cogent circumstantial proof. (*Shultz* v. *Hoagland,* 85 N. Y. 464, 467, 471.)    The burden of proof is upon the plaintiffs.    The mere production of the notes and drafts with those clauses in the assignment in which they are described will not prove an improper appropriation of the property of the assignors. (*Bank* v. *Talcott,* 22 Barb. 550, 556; *Reed* v. *Worthington,* 9 Bosw. 617, 631: *Townsend* v. *Stearns,* 32 N.Y. 209, 213; *Schultz* v. *Hoagland,* 85 id. 471.)

BROWN, J.  This action was brought by the plaintiffs, who are judgment-creditors of the firm of Rindskopf Bros. & Co., to set aside a general assignment made by that firm to the defendant Jacob W. Mack, September 19, 1884, on the ground that it was made to hinder, delay and defraud creditors.

It is alleged that this result was sought to be accomplished by preferring in the assignment numerous claims, some of which were fictitious, and for none of which the firm was liable.

The defendants introduced no evidence on the trial, and the court found as facts that none of the preferences were fictitious, or for an amount for which said firm was not justly liable, and were not made for the purpose of reserving any portion

of the property for the benefit of the assignors, or for the purpose of hindering, delaying or defrauding their creditors.

The burden of establishing by competent and sufficient testimony the allegations of the complaint rested upon the plaintiffs, and the findings of the trial court having been affirmed by the General Term, the judgment must be sustained in this court unless the evidence will admit of no other inference except that which plaintiffs claim for it.

The first and main ground upon which the assignment is assailed is that the preference to Max Nathan for the sum of $25,000, the amount of a promissory note made by James Thompson & Co., and indorsed in the name of Rindskopf Bros. & Co., is not based on a firm liability valid as against firm creditors. It appears that in December, 1881, upon the application of the defendant Buchman, a member of the assigning firm, and for the benefit of his daughter, Mr. Nathan loaned $25,000 to James Thompson & Co., and received therefor their note indorsed by Buchman, payable one year after date. This note was renewed in January, 1883, and about the time of its maturity, in 1884, Nathan refused to renew it unless it was indorsed by the firm of Rindskopf Bros. & Co., and thereupon Mr. Buchman, in Nathan's presence, indorsed on the renewal note the name of said firm, and Nathan surrendered the old note and accepted the renewal for one year. At that time Rindskopf Bros. & Co. were insolvent, but Nathan was not aware of that fact. The firm did not then contemplate an assignment, but hoped to be able to pay their debts in full. The plaintiffs attack the validity of the preference of this note in the assignment on three grounds:

*First.* That the assignors were not liable on the note unless all the members of the firm authorized and consented to the indorsement, and that the burden was on the defendant to establish authority in Buchman to make the indorsement.

*Second.* That, assuming that the firm authorized the indorsement, it was, in effect, an appropriation of partnership property to the payment of the debt of an individual partner made

when the firm was insolvent, and hence a fraud upon the firm creditors.

*Third.* That there was a fraudulent misstatement in the deed of assignment of the nature of the liability of the assignors upon the note.

I shall briefly discuss these questions in the order in which they are stated.

The plaintiffs have cited a multitude of authorities to show that a holder of a note of a firm given by one partner for his private debt, or for a matter outside of the firm business, and known to be such by the holder, must, in an action upon the note against the firm, prove that the other partners who did not sign consented to be bound by the contract. Such is undoubtedly the law. Each partner is the agent of the firm only as to matters within the scope of the partnership business; and if one partner gives a partnership note for his own debt without the consent of his copartners, it is void in the hands of any party having knowledge of the purpose for which it was given. Such a note does not bind the other partners without their consent, and the burden of establishing such consent rests on the holder of the note.

The respondents do not deny these legal propositions, but they do deny their application to this action. They would be applicable and full effect would be given to them if Nathan was suing the firm on the note and the firm liability was denied. But the issue here is a very different one from what it would be in an action by Nathan against the firm.

The plaintiffs, and not the firm, are here attacking the validity of the note. As between Nathan and the firm the firm liability and the validity of the indorsement is admitted. Nathan is not called upon to prove anything. He is not a party to the suit and is not before the court in any capacity, and cannot be heard. The issue is solely between the plaintiffs and the assignee. The attack is upon the assignee's title to the firm property and to his right to administer upon it under the trust deed. The trust deed is alleged to be fraudulent because of the admission and direction to pay a fictitious debt.

The admission of the validity of the indorsement is the fraudulent act which plaintiffs claim destroys the assignee's title to the property. In substance, plaintiffs allege that the assignee is not entitled to retain the firm property and dispose of it in accordance with the terms of the assignment for the reason that the purpose to which he is directed to apply it is a fraudulent one, and the fraud is alleged to consist in directing the payment of a debt for which the firm was not liable and which is, in fact, a debt or liability of an individual member of the firm. Obviously upon such an issue the burden is upon the plaintiffs to establish their complaint. Among all the cases cited in the appellants' brief there is not a single authority holding that in an action of this character the burden is on the assignee to prove the validity of the assignment or the liability of the firm for the debts the assignee is directed to pay. None, I think, can be found. The assignment is valid upon its face, and the presumption as to its entire validity must prevail until the contrary appears by evidence; and in this action an inference cannot be drawn that the firm are not liable on the note from proof of the fact that it does not represent a firm debt, because *non constat* it may have been indorsed with the consent and by direction of all the members of the firm, and that fact must be negatived before the assignee is put upon his defense. In the absence of all evidence on that question the only proof before the court was the acknowledgment of the debt in the assignment, and the presumption of the validity of that instrument required the court to assume the consent of the firm to the indorsement. Fraud cannot be presumed. It must be proven, and if there is left room for the inference of an honest intent, the proof of fraud is wanting. (*Schultz* v. *Hoagland*, 85 N. Y. 469; *Baird* v. *Mayor*, etc., 96 id. 567; *Kingsley* v. *City of Brooklyn*, 78 id. 215; *Bank of Silver Creek* v. *Talcott*, 22 Barb. 550; *Crook* v. *Rindskopf*, 105 N. Y. 476.)

The evidence on this branch of the case, so far from affording the appellants ground for an exception, would not have sustained a finding that the indorsement was without the firm

consent. On that question the plaintiffs introduced no evidence. .

But it is argued the note may have been indorsed with the consent of all the partners, and be a valid contract between them and the holder; still as it was made when the firm was insolvent, and to secure a liability of an individual partner, it is in law fraudulent against the firm creditors. *Menagh* v. *Whitwell* (52 N. Y. 146), is the principal authority cited to sustain this claim. That action was one for the conversion of property against the sheriff of Ontario county, and arose out of sales of firm property under executions in favor of firm creditors. The plaintiff made title to four-fifths of the property through a sale of the interest of two of the partners under chattel mortgages given by said partners to their individual creditors when the firm was insolvent. Before the executions were issued to the sheriff, the remaining partner sold and transferred his interest in the firm property to a person not a member of the firm. The plaintiff had judgment which was affirmed at the General Term. It was sought in this court to sustain the judgment on the theory that as the equities of firm creditors can only be worked out against firm property through the equities of the partners, that, as all the members of the firm had severally conveyed to different persons their respective interests in the firm property before the levy by the sheriff, the equities of the partners to have the property applied to pay firm debts had been released or waived, and with them had gone the equity of the creditors that was dependent upon them, and consequently the purchaser from the individual partners had become vested with the *corpus* of the property. This claim was asserted on the authority of *Coover's Appeal* (29 Penn. St. 9). The absurd results which would follow such a rule were shown by the opinions of Judges RAPALLO and ALLEN, and this court held that the purchaser took only the interests of each partner after the firm debts were paid and the equities between the partners adjusted, and that the *corpus* of the property, notwithstanding the transfer by the several partners of their

individual interest, still remained firm property and subject to levy on execution against it by firm creditors. In that case the firm were not liable to the mortgagees through whom plaintiff made her title, and there was no transfer of firm property to pay a debt of the firm ; and it is not an authority in a case where the firm has made itself liable for the debt which the firm property was appropriated to pay

The rule that it is a fraud upon firm creditors for a member of a firm to take firm property, and apply it to his individual debt, or for an insolvent firm to apply firm property to the payment of the debt of any individual partner, is well settled. (*Ransom* v. *Van Deventer*, 41 Barb. 307 ; *Wilson* v. *Robertson*, 21 N. Y. 587.)

But the question here is, do the facts bring this case, conclusively, within that rule ? There is no principle of law which forbids a partnership from entering into obligations outside of the scope of the partnership business, provided it is done with an honest purpose and with the consent of all the members of the firm. And partnership property may be transferred to pay a joint debt for which the firm is liable, outside of the partnership business, and the joint creditors will obtain a good title to the property. (*Saunders* v. *Reilly*, 105 N. Y. 12–18.) And when there is a good consideration to support a contract of the firm, outside of the scope of the firm business, I take it, a firm creditor, having no lien upon the firm property, has no legal ground for complaint if firm property is appropriated to pay such obligation, even though the firm was insolvent at the time it entered into the contract. The contract being legal, and there being no actual fraud, it may be enforced against the firm, and hence it is not fraudulent, in law, if firm property is applied to pay the debt. We must, in considering this branch of the case, assume the firm to be liable on the note when the assignment was made ; and we are thus brought to the question whether the proof as to the circumstances under which that liability was contracted was such as to establish, against firm creditors, fraud, either in law or in fact. If the proof had shown that Nathan knew of the

insolvency of the firm, at the time he renewed the note, and that an assignment was then impending, or had there been no consideration for the indorsement, a different conclusion would have been permitted. But there was no evidence that Nathan knew the firm was insolvent, and it appeared that, upon accepting the renewal note, he surrendered the old note and extended the time for the payment of the debt for one year. This made him a holder for value and constituted a good consideration for the new note. (*National Bank* v. *Place*, 86 N. Y. 444.)

In *Menagh* v. *Whitwell*, and all kindred cases, there was, substantially a donation of firm property to pay the debt of an individual partner without any consideration moving to the firm. Here there was a consideration; and in this very essential fact the case under consideration differs from all the cases cited by the appellants in which the principle cited has been applied. All of them are cases where the assignment itself · preferred debts of individual partners or where the property was transferred directly to pay individual debts. The conclusion that indorsing the note was fraudulent in law, as against the creditors of the firm, is not, therefore, permitted.

It further appeared that the business relations between Rindskopf Bros. & Co. and Thompson & Co. were more or less intimate, and we cannot say that the assignors did not receive a benefit from the renewal of the note and the extension of the payment of the debt for a year. The failure of Thompson & Co. and of Buchman to pay the note in question might have precipitated the failure of Rindskopf Bros. & Co., which the evidence shows they at that time hoped to avoid The trial court was entitled to give weight to such considerations in determining the intent of the assignors, and the evidence was sufficient to negative the inference of a fraudulent purpose on their part in making the indorsement. I think, therefore, the exception to the findings of the court, that the preference of the Thompson note was for a debt for which the firm was justly liable and was not fraudulent, and to the refusal to find that the firm received no consideration for such

indorsement, cannot be sustained. Nor is the objection well taken that there was a fraudulent misstatement of the nature of the liability on the indorsement of the note.

The preference in the assignment was as follows:

" Max Nathan of said city of New York. For the sum of $99,900.86   *   *   *   $25,000 thereof for the amount of a certain promissory note for that amount made by the firm of James Thompson & Co., dated January 21, 1884, payable twelve months after its said date, indorsed by said assignors and discounted by and held by said Max Nathan."

Criticism is made upon the word " discounted " and that the direction to pay is absolute, whereas the liability was contingent. There is no attempt made to make it appear that the note was for the accommodation of the assignors and, the statement of the liability was not calculated to mislead. On the face of the note Thompson & Co. were the real debtors, and upon payment the assignee would be entitled to take and enforce the note against that firm.

Numerous other preferences in the assignment are claimed to be fraudulent, and at considerable length and with great earnestness have been pressed upon the attention of the court by the learned counsel for the appellants. The questions presented are mainly ones of fact. We have considered them all fully but find nothing which would justify the reversal of the judgment.

Upon those matters we concur in the opinion of the learned judge who heard the case at Special Term.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.