By the Court.—Dugro, J.
It seems that after the defendant had called and examined several witnesses the plaintiff moved for a verdict and excepted to the denial of his motion. The court theretofore made a statement, whereupon witnesses were called for the plaintiff in rebuttal. Nothing appearing in the case to the contrary it is fair to presume that the defendant had rested when the motion was made, and that the motion was for such a verdict as the parties had provided for by their stipulation theretofore made. The exception is, therefore, available. It seems to have been well taken, for no evidence appears in the case from which the jury could infer that the indorsement upon the Thompson note was unauthorized. The evidence would sustain a finding that the endorsement was not shown to have been authorized, but this is not enough. The burden was upon tho defendant, having assailed the validity of the assignment, to show the endorsement unauthorized.
It is claimed by appellant that Buchman’s evidence was sufficient to warrant an inference that he was unauthorized to make the endorsement, and particular reliance seems to be placed on the fact that Buchman stated to Nathan, in response to the latter’s request for the firm endorsement, that “it could easily be done, no doubt of it,” and after this sent the note to Nathan without the firm endorsement, and only after pressure indorsed the note as appears in evidence. Whether this evidence would be sufficient to permit an inference that there was a lack of general authority it is unnecessary to determine. It *84 would certainly not warrant an inference that Buchman had not obtained special authority to act as' he did. Buchman’s statement that he would not be sure' that Rosenthal was present, but thought he was, on the occasion when he claims to have been specially authorized to endorse the note, falls short of evidence, warranting an inference that Rosenthal was not present.
The rule that the burden of proof is upon the attacking creditor to show the invalidity of the assignment is applicable in this case as in Bernheimer v. Rindskopf, 116 N. Y. 428. That in the one case the creditor is a plaintiff and in the other a defendant does affect the applicability of the rule. The defence in this action is an affirmative one. The appellant’s counsel makes a point as follows : “ the plaintiff by not insisting—and standing thereon—that there was no evidence which would justify the submission of- the case to the jury, is now estopped from claiming that there was no evidence to justify the finding,” andrefers to several cases as authority. None of these support his proposition. No estoppel arises under such circumstances. After plaintiff s exception to the denial of his motion for a verdict, he did not deprive himself of the benefit of his exception by endeavoring to have Ms case presented to the jury most favorably for his client.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
Truax, J., concurred.