(24 Misc. Rep. 623.)

HAWKINS v. DUNMORE et al.

(Supreme Court, Special Term, Oneida County. September, 1898.)

STATUTE OF FRAUDS—DEEDS FROM CLIENT TO ATTORNEY.

A client conveyed property to her attorney, by a deed absolute on its face, for the purpose of instituting litigation concerning it, but with a verbal agreement that after the termination of the litigation the attorney would reconvey the property to the client. *Held* that, on account of the fiduciary relations between the parties, the executor and heirs of the attorney cannot set up the statute of frauds as a defense to an action by the client for a reconveyance.

Action by Sarah D. Hawkins against Watson T. Dunmore, as executor of Henry A. Doolittle, and others, to enforce an alleged parol agreement by deceased to reconvey certain premises to plaintiff. Judgment for plaintiff.

Miller & Pratt, for plaintiff.
Sholes & Ferris, for defendants.

HISCOCK, J. The plaintiff is a woman about 67 years of age, and of some considerable business experience. The defendants are the executor and children, respectively, of one Doolittle, who was a practicing attorney at and for some considerable period before the time of the occurrences in question. In August, 1897, plaintiff executed to him a conveyance, absolute upon its face, and for the

expressed consideration of $2,500, of the premises in question.  It is not directly disputed upon the evidence itself, or, as I understand it, by the contentions of defendants, that at the time of such conveyance plaintiff had a claim against one Morey in connection with said premises, and that said Doolittle was acting as her attorney and adviser in respect thereto; that said Morey made some sort of a counterclaim against her, and she did not desire, in her own name, to institute litigation against him.   Under these circumstances, it is claimed by plaintiff, but denied by defendants, that Doolittle, in substance, advised her to execute to him a conveyance of said premises, and that he would enforce her demands against said Morey, and that when done, or if he failed to do so, he would execute back to her a conveyance of the premises in question, and that thereupon she executed the deed in question.   It is also undisputed that subsequently said Doolittle did bring an action in his own name against said Morey for some sort of a claim springing out of said real estate. After careful examination of the evidence, I have reached the conclusion that plaintiff's claim is well founded; that the deed executed by her to Doolittle was not intended as an absolute sale and conveyance of said premises by her to him, but that it was executed for the purpose of enabling him to prosecute plaintiff's litigation in her behalf, and upon the understanding that said premises were to be reconveyed to her.   Without analyzing all of the evidence on this subject, I may say that I am led to this conclusion as much by the letter put in evidence from Doolittle to plaintiff, and by the entries and lack of entries upon his books put in evidence, as by the parol evidence.   This proof all seems to me to be at variance with the idea that an outright purchase of this land from plaintiff had been made, and to be more consistent with the idea that Doolittle was holding title to the premises as attorney for plaintiff, and for her benefit.   A letter has been put in evidence from plaintiff to Doolittle which it is claimed contradicts her theory.   There are expressions in the letter which upon their face do contradict her theory, but here again the belief prevails in my mind that such expressions were used in accordance with the plan which had been adopted between plaintiff and Doolittle, and for effect, and possibly with the expectation that the letter might be used in the litigation then pending to carry out the plan adopted by her attorney.

Having reached this conclusion, I come to the consideration of the second defense urged,—that the agreement for reconveyance, even though made, was by parol, and therefore was void, under the statute of frauds.   If I am correct in my conclusions of fact, plaintiff was induced to execute a conveyence of these premises, which are said to have been worth $4,000, to a man who was acting as her attorney, and upon his agreement to reconvey them to her after he had accomplished certain purposes for her as his client.   It is well settled that a client will be protected and given relief by the courts in his dealings with his attorneys, when such protection and relief would be denied as between two parties standing upon an equal footing.   Whitehead v. Kennedy, 7 Hun, 230; Brock v. Barnes, 40 Barb. 521; Ford v. Harrington, 16 N. Y. 285.   Without attempting

to discuss the various lines of cases where the courts have refused or granted relief as against the provisions of the statute of frauds invoked as a defense in this case, I think it is well settled that to refuse plaintiff, under the circumstances of this case, a reconveyance of her lands, would be so inequitable, and so far a fraud upon her rights, that the courts will not refuse it, but, upon the other hand, will decree it. Freelove v. Cole, 41 Barb. 318, affirmed 41 N. Y. 619. In this case this defense of the statute of frauds, although not discussed in the opinion, was expressly raised, as appears therefrom. Ryan v. Dox, 34 N. Y. 307. See, also, as indicating the cases in which courts may grant relief as against the statute in question, Hutchinson v. Hutchinson, 84 Hun, 482, 484, 32 N. Y. Supp. 390; Wheeler v. Reynolds, 66 N. Y. 227, 234.

It was conceded by plaintiff upon the trial that, if a decision should be reached in favor of plaintiff's claim for a reconveyance, there should be an interlocutory judgment providing for an accounting between her and defendants, as representatives of said Doolittle, to ascertain whether there were any claims in his behalf, arising out of or in connection with said real estate, which should be chargeable thereon. Findings in accordance with this decision and such interlocutory decree may therefore be prepared. Ordered accordingly.