Action to recover damages for fraud and conspiracy. Judgment for plaintiff reversed on the law and the facts, without costs, and the complaint dismissed on the law, without costs. The gravamen of the action is that defendants, in offering to purchase certain property and stating that they were experienced, trustworthy and financially responsible and that the certificate holders would benefit by the sale, represented that they would provide the necessary funds to meet the obligations of their corporation, with which the trustees were thereby induced to contract, and that this representation was false and fraudulent in that it was made to afford defendants a loophole to evade liability if they deemed the purchase disadvantageous as of the time fixed to close title. No other theory is pleaded or applicable. The proof is insufficient to create an issue of fact as to the fraudulent intention of defendants in making the representation. At all times irom the making of the original offer in *887 November, 1939, through the making of the contract on March 18, 1940, to the time fixed therein for closing on April 15,1940, defendants, through their corporation, clearly were anxious to take title as quickly as possible, had gone to extraordinary lengths to enable the trustees to convey by arrangement with Nassau County, had furnished a down payment of $15,000, and had agreed to adjournment when the trustees, on the closing day, were not able to convey. This showing reflects the nature of their intention in making the representation. Plaintiff failed to sustain the burden of proof as to its fraudulent nature. (Bernheimer v. Rindslcopf, 116 N. Y. 428, 436; Adams v. Ciarle, 239 N. Y. 403, 410.) The only proof of probative value adduced in support thereof was the failure of defendants, as of May 6, 1940, to provide the corporation with the necessary funds. On all of the proof, the showing is at least as consistent with the conclusion that the representation, when made, was genuine as it is with the conclusion that it was fraudulently made. (Sliotwell v. Dixon, 163 N. Y. 43, 52.) We are further of opinion that the only conclusion to be derived from that proof is that the able and experienced trustees, and counsel acting on their behalf, in dealing with the corporation and accepting the $15,000 down payment and in failing to seek to obligate the individuals by way of written guarantee or otherwise, were not defrauded. Findings of fact inconsistent with the foregoing are reversed and conclusions of law disapproved, and new findings and conclusions will be made. Settle order on notice. Lewis, P. J., Johnston, Aldrich and Nolan, J J., concur; Hagarty, J., not voting.