Louis Nordlinger, Appellant, *v.* Adolph Anderson et al., Respondents.

While, as a general rule, an appropriation by an insolvent firm of the partnership property to the payment of the individual debt of one of its members is fraudulent as against the partnership creditors, where such an individual debt has been assumed by the firm when solvent and made its own upon a sufficient consideration, a subsequent appropriation of firm property to the payment thereof is not unlawful, in the absence of any actual fraud, and the burden of showing the fraud is upon the party claiming it.

In an action to set aside an assignment for the benefit of creditors, made by a firm composed of A. and N., because of an alleged fraudulent

preference, it appeared that at the time of the organization of the firm M. contributed $3,000 to its capital, which he borrowed from his father upon his own note, made payable on demand. A., who had been in the business before, contributed such assets as he had on hand; these proved to be of no value. The capital contributed by M. was all that the firm had, and this went into the hands of A., who deposited it in his own name and used part of it for the payment of his own debts. Thereafter, with the consent of both partners, M 's note was delivered up and canceled upon delivery to his father of the firm note of the same amount and date, but made payable one year from date. It did not appear that at this time the firm was insolvent. By the assignment the father of M. was made a preferred creditor, the preference including the note. *Held*, that such preference, of itself and in the absence of any finding or evidence of actual fraud, did not invalidate the assignment; that the evidence warranted a finding that the money loaned was really advanced for the benefit of the firm, and so, that the debt was enforceable as a firm obligation; but that, assuming it to have been simply the debt of one of the partners, the surrender by the creditor of a note enforceable at any time, and the taking in its place, with the consent of the copartners, of the firm note not due until the end of the year, would, in the absence of a finding that the firm was at the time insolvent, or that the change was made for a fraudulent purpose, constitute a good consideration.

(Argued October 21, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of February, 1889, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fred. W. Hinrichs* for appellant. As against firm creditors, a firm cannot legally prefer with firm assets — one whose claim was originally against one of the partners only on an individual note of such partner for moneys lent him, to enable him to make his contribution to the capital — even though a firm note of the same date, amount and terms was subsequently and before such assignment substituted for such individual note with the consent of all the partners, when it also

appears that there was no new consideration for the substitution of the firm note, and that such consent was not given or such note substituted until the firm was insolvent, or necessarily to become insolvent by reason of such substitution. (*Ranson* v. *Van Devanter*, 41 Barb. 307; *Leslie* v. *Rugg*, 4 Hun, 410.) Charles Muns was neither a *bona fide* creditor nor a creditor for a new consideration. (*N. Bank* v. *Place*, 86 N. Y. 444; *Menagh* v. *Whitwell*, 52 id. 153; *Leslie* v. *Rugg*, 4 Hun, 410; *Wilson* v. *Robertson*, 21 N. Y. 591.) Whether Anderson consented to the substitution of the firm note or not is of no consequence. It is a fraud in law upon firm creditors to give away the property of an insolvent firm to an individual creditor. (*Burtus* v. *Tistall*, 4 Barb. 571, 590; *Kirby* v. *Schoonmaker*, 3 Barb. Ch. 51.) The Special Term erred in holding that the substitution of the firm note was no more than equitable, as Anderson's contribution turned out substantially nothing, and may be worse than nothing. (*Wilson* v. *Robertson*, 21 N. Y. 591.) The form of the preference does not alter the rule. (*N. Bank* v. *Cohen*, 6 N. Y. S. R. 318.) The statements as to its solvency, made by the firm, which were false, should have been admitted in evidence. (*Webb* v. *Armistead*, 20 Fed. Rep. 71; *Loos* v. *Wilkinson*, 110 N. Y. 195, 211.)

*John H. Corwin* for respondents. The assignment is not illegal and void upon its face, and contains no illegal provisions for which it can be declared void as to this plaintiff. (*Campbell* v. *Woodworth*, 33 Barb. 425; 24 N. Y. 304; *Butt* v. *Peck*, 1 Daly, 83; *In re Shaw*, 18 Hun, 195; *Eyre* v. *Beebe*, 28 How. Pr. 333; *Iselin* v. *Dalrymple*, 27 id. 137; *In re Levy*, 1 Abb. [N. C.] 177; *In re Van Horn*, 10 Daly, 131.) The withholding of the assets did not render the assignment void. (*Godrich* v. *Clute*, 3 N. Y. Supp. 102.) Including the $3,000 for which the firm note to Charles Muns had been given in the amount of his preference was not illegal. (62 How. Pr. 312; *Bernheimer* v. *Rindskopf*, 116 N. Y. 428; *Turner* v. *Jaycox*, 40 id. 470; *Phillips* v. *Wooster*,

36 id. 412; *Dygert* v. *Remerschnider*, 32 id. 629; *Carr* v. *Breese*, Id. 629; *G. R. N. Bank* v. *Mead*, 92 id. 637; *Jackson* v. *Badger*, 109 id. 632.) The case presents no error in the rulings made upon the reception or rejection of evidence. (*Sheridan* v. *Houghton*, 6 Abb. [N. C.] 239; *Hebbard* v. *Houghian*, 70 N. Y. 54; *Covney* v. *Tanahill*, 3 Hill, 330.) There is no exception to any erroneous finding or refusal to find. (*Davis* v. *Leopold*, 87 N. Y. 620; *Heilbrun* v. *Hammond*, 13 Hun, 474, 482; *Sniffen* v. *Koechling*, 13 J. & S. 61; Code Civ. Pro. § 1023; *Schultz* v. *Hoagland*, 85 N. Y. 464.)

*Rudd & Hunt* for respondent Muns. No question of fact will be considered by this court. (Code Civ. Pro. § 1337; *Mooney* v. *Loughlin*, 8 N. Y. S. R. 179, 182; *Baldwin* v. *Doying*, 114 N. Y. 452; *E. C. F. Co.* v. *Hersee*, 103 id. 25.) The $3,000 was a proper liability for a preference. (*Turner* v. *Jaycox*, 40 N. Y. 470, 474.) The assignment is not void on its face. (*In re Heath*, 46 Hun, 114; Bishop on Insol. Debtors, § 378; Laws of 1887, chap. 503.) As the assignment is not void on its face it cannot be disturbed on any other ground. (*Townsend* v. *Stearns*, 32 N. Y. 209; *Schultz* v. *Hoagland*, 85 id. 464; *Crook* v. *Rindskopf*, 105 id. 476; *Bernheimer* v. *Rindskopf*, 116 id. 428.) The record reveals no error in the admission or rejection of testimony. (*Hebbard* v. *Houghian*, 70 N. Y. 54, 62.)

O'Brien, J. The plaintiff, a judgment-creditor of the firm of Adolph Anderson & Co., composed of Adolph Anderson and Charles A. Muns, brought this action to set aside, and have declared fraudulent and void an assignment for the benefit of creditors with preferences, made by the firm on the 9th day of September, 1887, and duly recorded. The preference made in the assignment was in favor of Charles Muns, the father of one of the partners and assignors for the payment of a debt of $7,000, and it is charged that this claim is fraudulent and fictitious. The trial court found that the firm

was actually indebted to the preferred creditor in a sum exceeding that to pay which the preference was made, and that in making the assignment there was no intent to hinder, delay or defraud the other creditors. These findings are amply sustained by the evidence, and have received the approval of the General Term. The indebtedness of the firm to Charles Muns included a note of $3,000 and interest thereon bearing date March 10, 1887, payable one year from date to the order of said Charles Muns and signed by the firm. This note was made in June, 1887, with the consent of both parties, and delivered to the payee by the firm to take the place of the individual note of the partner Charles A. Muns to his father for the same amount, and bearing same date, payable on demand. The old note was surrendered and destroyed when the new one was taken in its place. The contention of the plaintiff upon this appeal is that, to the extent of the $3,000 note and interest, the preference amounted to the disposition of the firm property for the purpose of paying the individual debt of one of the partners, and that the law imputes fraud to such a transaction, regardless of the actual intent of the parties at the time of making the assignment. The general rule that an appropriation by an insolvent firm of the partnership property to the payment of the individual debts of one of the partners is fraudulent as against the partnership creditors is well settled. ( *Wilson* v. *Robertson,* 21 N. Y. 587 ; *Menagh* v. *Whitwell,* 52 id. 146 ; *Ransom* v. *Van Deventer,* 41 Barb. 307.)

But we think that the facts as they appear in the record do not bring this case conclusively within this principle. There is no finding that at the time that the firm note was substituted for that of the individual partner, the firm was insolvent, and the evidence given at the trial would not justify such a conclusion, even if we were at liberty, as we are not, to examine it for the purpose of finding a fact upon which to base a reason for reversing the judgment. The firm was organized in the early part of March, 1887. Prior to that time, Anderson had been engaged in business alone, under the name of

Wm. D. Clarke & Co., and he brought to the new firm only such assets as he then had, and which proved to be of no value. Muns put in $3,000 in cash, which he borrowed of his father, the preferred creditor, giving to him, as we have seen, his individual note, payable on demand, as appears from the evidence. This cash contribution, made by the creditor, who was subsequently preferred, was in fact the only capital the firm had. It went into the hands of Anderson, who deposited it in his own name and used some part of it for the payment of his old debts. The evidence would warrant a finding that the money was really advanced by the father of one of the partners for the benefit of the firm and upon the faith of its responsibility; and though he took, as evidence of the loan, the individual note of his son, yet it was at all times in equity, the debt of the firm to him, which might have been enforced in his favor by suit and judgment at law against the partnership. Under the circumstances, the substitution of the firm note for that of young Muns, in June, 1887, before the debt, upon which plaintiff's judgment is based, was contracted cannot be held to be fraudulent in law against the plaintiff or the other firm creditors. The written evidence of the loan was then changed and made to conform to the actual transaction between the parties and to the equities as they always existed between the creditor who advanced the money and the firm receiving it. There is another ground upon which we think the judgment of the court below should be sustained. The individual note of young Muns, given at the time his father advanced the $3,000, does not, nor does any copy of it, appear in the record; and there is no finding in the case as to the terms of the note or the time when it became due; but Anderson, the other partner, was examined as a witness by commission at the instance of the plaintiff, and he testified that the note was payable on demand, and it appears that when the note of the firm was given in June, and dated back to March, 1887, when the money was advanced, that the first note was surrendered and destroyed. Assuming for the purpose of the argument that the plaintiff's counsel is

correct in treating the debt as originally that of one of the partners and not of the firm, the fact that the creditor surrendered a demand note which he might have enforced at any time and took in its place, with the consent of all the parties, the note of the firm not due till the end of a year would, in the absence of a finding that the firm was at the time of giving the new note insolvent or that the change was made for a fraudulent purpose, constitute a good consideration for the note of the firm. (*National Bank of Gloversville* v. *Place*, 86 N. Y. 444.)

The individual debt of one partner may, under certain circumstances, constitute a legal basis for a valid firm obligation, and when no actual fraud exists, the partnership property may lawfully be appropriated to pay a debt which the firm, by its own action, has made its own upon a sufficient consideration. (*Bernheimer* v. *Rindskopf*, 116 N. Y. 428.)

The burden of showing that the assignment was fraudulent either in fact or in law was upon the plaintiff. The result in the courts below relieves the case of all imputation of fraud in fact, and sufficient facts were not found nor shown to warrant this court in holding that the transaction is fraudulent in law.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.