## RUDOLPHUS W. ANDERSON, APPELLANT, *v.* BENJAMIN YOUNG, RESPONDENT.

*A fence on a highway, narrowing it—a nuisance—injury resulting therefrom—nonsuit.*

A contracting or narrowing of a public highway is a nuisance, as matter of law, and a party who sustains special damage therefrom, being free from any want of proper care on his part, has a right of action against the person maintaining such nuisance.

On the trial of an action brought to recover for an injury to the plaintiff's horse, alleged to have been caused by a nuisance maintained by the defendant in a highway, in the shape of a barbed-wire fence constructed by the defendant along his premises, evidence was given by the plaintiff tending to show that the wire

fence was two feet further in the highway than an old fence which had inclosed the highway more than twenty years before the erection of the wire fence, and that his horse was injured by coming in contact with the wire fence while being led along the highway in the night-time. The plaintiff also put in evidence, over the defendant's objection, the record of an order made by two of the three commissioners of highways of the town, purporting to lay out the highway as of a certain width, but which contained no recital or other evidence of notice to the third commissioner, and also a warrant of the commissioners of highways for work on the highway.

At the close of plaintiff's evidence a nonsuit was granted, on motion of the defendant, the court intimating that the action should have been based upon negligence; that the plaintiff was guilty of contributory negligence, and that for that reason the case ought not go to the jury.

*Held,* that, even if the order of the commissioners laying out the road was void, for the reason that it did not appear that the third commissioner was notified of the meeting of the commissioners to make the same, still there would be in the case proof of a public highway, by user and adoption by the commissioners, worked by them as such, to the extent of the user indicated by the location of the old fence, as regarded which location the wire fence was an encroachment, and that the question whether that encroachment was a nuisance by which the plaintiff's horse was injured should have been sent to the jury.

In determining whether a nonsuit has been properly granted the General Term is to give full weight to all the evidence offered and received on the part of the plaintiff, and assume that if the jury had found in accordance with it the verdict, as matter of law, could not be upheld, and that the facts which the plaintiff's evidence established, or tended to establish, were found in his favor.

APPEAL by the plaintiff Rudolphus W. Anderson from a judgment, entered in the office of the clerk of Franklin county on the 21st day of March, 1892, for $121.11 costs, in favor of the defendant Benjamin Young, upon the direction of the court at circuit dismissing the complaint, with costs; and from an order, entered on the 19th day of March, 1892, denying the plaintiff's motion upon the minutes of the judge presiding at the trial to set aside the direction dismissing the complaint, and for a new trial upon the exceptions taken by the plaintiff.

*Gordon H. Main,* for the appellant.

*John P. Badger,* for the respondent.

MAYHAM, P. J. :

The defendant constructed a barbed-wire fence on or along the public highway, and while the plaintiff's servant was leading two

young horses, attached together by one·strap or halter, behind a buggy, in which he was riding, they became frightened and ran against this fence and one was seriously injured, for which this action was brought.

The complaint alleged that the defendant was the owner of certain premises and real estate therein described, along which, for more than twenty years, a public highway had been kept and used, which had been duly laid out as such, and was four rods wide, and charged that the defendant 'had erected and maintained a nuisance in such highway, in the construction of a barbed-wire fence, by which the plaintiff's horse was injured.

The answer denied that the fence was in the highway, and alleged that the same was erected with the knowledge and consent of the plaintiff, and charged that the injury to plaintiff's horse was the result of the negligence of the plaintiff's servant.

On the trial the plaintiff put in evidence the records of an order made by two of the commissioners of highways of the town, dated September 9, 1826, purporting to lay out this highway as of the width of four rods.

This order was objected to by the defendant on the ground that it purported to have been made by two instead of three commissioners of highways of that town, and contained no recital or other evidence that notice of the meeting of the commissioners for the purpose of laying out this road was given to the third commissioner.

This objection was overruled and the order was read in evidence. The plaintiff also put in evidence a warrant issued by the commissioners of highways of the town in which this highway was situate for the performance of work on the same.

The proof showed, or tended to show, that the plaintiff's horse was injured by coming in contact with this fence while being led along this highway in a dark night.

The evidence as to whether this fence was within the bounds of this highway, as the former was fenced for many years, was conflicting, there being some evidence tending to prove that it was, and some that it was on the line of the original fence. There was no conflict in the testimony as to the injury of the horse.

At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, and that the plaintiff's complaint be dismissed on the grounds:

*First.* That it appears from the evidence that the accident was caused by the negligent and careless manner in which plaintiff's horse was held, and not caused by the fence at all.

*Second.* That the plaintiff has failed to prove the fact that this fence was in the highway, or, if it was in the highway, caused the injury, or that it would not have occurred if it had been several feet further back.

*Third.* That the plaintiff has failed to prove facts sufficient to constitute a cause of action.

Plaintiff asked to have the case submitted to the jury for determination.

The court granted the motion, intimating that the action ought to have been one for negligence, and that the plaintiff was guilty of contributory negligence, and for that reason the case ought not to go to the jury, and dismissed the plaintiff's complaint to which the plaintiff duly excepted.

In determining whether this nonsuit was properly granted, we are to give full weight to all the evidence offered and received on the part of the plaintiff, and assume that, if the jury had found in accordance with it, the verdict, as matter of law, could not be upheld. (*Weaver* v. *White*, 46 N. Y. St. Rep., 467.) And that the facts which the plaintiff's evidence established or tended to establish were found in his favor.

The road in question, therefore, being conceded to be a public highway, there was some evidence on the part of the plaintiff that the wire fence was two feet farther in the highway than the old fence which had inclosed the highway for more than twenty years before the erection of the wire fence, and this evidence on the question of nonsuit must be construed in the most favorable light for the plaintiff.

If, therefore, we should adopt the contention of the defendant that the order of the commissioners laying out this road was void, for the reason that it does not appear that the third commissioner was notified of the meeting of the commissioners to make the same, still we would have a public highway by user and adoption by the commissioners, and worked by them as such, to the extent of the user indicated by the location of the old fence, as the same was proved by the plaintiff to have existed for twenty years, and as to which

the wire fence was an encroachment, and the question whether that encroachment was a nuisance from which the plaintiff's horse was injured was, we think, one for the jury, and the refusal of the learned judge to send the case to the jury was error.

One of the important questions for consideration in this action, was whether this highway had been narrowed or contracted by the erection of this fence, and that was for the jury, upon the evidence, to determine as a question of fact.

If, as a matter of fact, the road had been contracted or narrowed, the law would adjudge the same to be a nuisance. In *President, etc., of Whitehall Turnpike* v. *People* (9 Barb., 175), the court say : " To constitute a nuisance it is not essential that the road should be unsafe or impassable ; any contracting or narrowing of a highway is a nuisance. (1 Russ. on Crimes, 350.) Any obstruction left in the road, or omission to repair it, whereby it is less convenient for public use, falls within the same category."

It is true that while an encroachment upon a highway is a nuisance, it is not, in all cases, such a public nuisance as will justify its removal by any individual, as the statute has provided a method by which such encroachments may be determined summarily and removed by the highway commissioners, but if the encroachment be, in fact, a nuisance by which a party is injured, he may maintain an action for such injury. (*Harrower* v. *Ritson*, 37 Barb., 301.) In *Osborn* v. *Union Ferry Company* (53 Barb., 629), it was held that the public, being entitled to the use of the highway, whoever, without special authority, obsrtucts it or renders its use hazardous by doing anything upon, above or below the surface, is guilty of a nuisance, and one sustaining special damage from it, without any want of due care to avoid injury, has a remedy against the person continuing the nuisance. (See, also, *Callanan* v. *Gilman*, 107 N. Y., 360 ; *Driggs* v. *Phillips*, 103 id., 77, 83.)

Having reached a conclusion that this case should have been submitted to the jury, it is unnecessary to examine the numerous other questions raised on this appeal.

There must be a new trial of the action, costs to abide the event.

PUTNAM and HERRICK, JJ., concurred.

Judgment reversed, new trial ordered, costs to abide event.